IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

| | |
|---|---|
| TERRY LEONARD, STEVEN KENDLEY, MICHAEL GEHL, BEN WOODS, and LEVI READ, | CV 12-25-M-DLC-JCL |
| Plaintiffs, | ORDER |
| vs. | |
| ALAN JAY DOYLE, MICHAEL SARGEANT, DAN DURYEE, and DAN YONKIN, | |
| Defendants. | |

_____

Plaintiffs Terry Leonard, Steven Kendley, Michael Gehl, Ben Woods, and Levi Read filed a motion to compel Frank Bowen, a Game Warden employed by the State of Montana (dkt. 20-3 at 5), to comply with a Fed. R. Civ. P. 45 subpoena that Plaintiffs issued to him on October 2, 2012. The subpoena, together with a notice of deposition issued by Plaintiffs' counsel, directed Mr. Bowen to appear for his deposition, and to bring certain documents identified in the subpoena with him to the deposition.

By letter dated October 9, 2012, Jack Lynch, Agency Legal Counsel for the Montana Fish, Wildlife & Parks, informed Plaintiffs' counsel that he believed the subpoena issued to Mr. Bowen required him to produce documents that are

protected from disclosure under the Montana Criminal Justice Information Act, Mont. Code Ann. § 44-5-101 et seq. Thus, Mr. Lynch advised that, to comply with the requirements of the Criminal Justice Information Act, a "privilege log of the privileged information" would be prepared and presented at Mr. Bowen's deposition. Dkt. 20-4.

On November 12, 2012, Mr. Bowen appeared for his deposition, but at Mr. Lynch's direction he did not bring the documents identified in the subpoena. Mr. Lynch attended the deposition and provided a "privilege log" to Plaintiffs' counsel with respect to the documents he instructed Mr. Bowen not to produce.

Based on Mr. Bowen's failure to produce the subpoenaed documents, Plaintiffs now move to compel him to do so. For the reasons stated, though, the procedural posture of Plaintiffs' motion requires a response from Mr. Lynch and Mr. Bowen.

An individual commanded to produce documents as directed in a Rule 45 subpoena may serve, on the party who issued the subpoena, written objections to the required production within 14 days after the subpoena is served. Fed. R. Civ. P. 45(c)(2)(B). Although disputed by Plaintiffs, Mr. Lynch's October 9, 2012 letter may constitute Mr. Bowen's timely objections to the subpoena under Rule 45(c)(2)(B) which, in turn, provide the grounds for Plaintiffs' present motion to compel under 45(c)(2)(B)(I).

2

Additionally, a person may withhold from production information protected from disclosure by an identified privilege. Fed. R. Civ. P. 45(d)(2)(A). In doing so, however, the person must produce a privilege log that is sufficient to "enable the parties to assess" the privilege claimed. Fed. R. Civ. P. 45(d)(2)(A)(ii). Although a person objecting to a subpoena on the basis of a privilege must advance that objection within 14 days of being served with the subpoena, the full privilege log may be produced "within a reasonable time" thereafter. *In re Department of Justice Subpoenas to ABC*, 263 F.R.D. 66, 70 (D. Mass. 2009) (quoting *In re DG Acquisition Corp*, 151 F.3d 75, 81 (2nd Cir. 1998)).

Based on the foregoing, and in view of Plaintiffs' motion to compel, IT IS HEREBY ORDERED as follows:

1. The Clerk of Court shall serve a copy of this Order on the parties, and on Jack Lynch, Agency Legal Counsel, Montana Fish, Wildlife & Parks, P.O. Box 200701, Helena, Montana 59620-0701; and

2. On or before **December 26, 2012,** Mr. Lynch shall file, on behalf of Mr. Bowen, a brief in response to Plaintiffs' motion to compel, together with a copy of the privilege log he gave to Plaintiffs' counsel at Mr. Bowen's November 12, 2012 deposition.

DATED this 12th day of December, 2012.

Jeremiah C. Lynch
United States Magistrate Judge

3