IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TERRY LEONARD, STEVEN KENDLEY, MICHEL GEHL, BEN WOODS, and LEVI READ,<br><br>Plaintiff,<br><br>vs.<br><br>ALAN JAY DOYLE, MICHAEL SARGEANT, DAN DURYEE, and DAN YONKIN,<br><br>Defendant. | CV 12–25–M –DLC –JCL<br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch issued Findings and Recommendations to dismiss Plaintiffs Terry Leonard, Steven Kendley, Michel Gehl, Ben Woods, and Levi Read's complaint on July 9, 2013. (Doc. 62.) Plaintiffs timely filed objections and are therefore entitled to *de novo* review of the specified findings and recommendations to which they object. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v.*

*Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The parties are familiar with the factual and procedural background of this case so it will not be repeated here.

Plaintiff Leonard first objects to Judge Lynch's finding that Defendant Yonkin's download of Leonard's hard drive contents in early February 2011 was, at most, a seizure and not an unlawful search. Yonkin's download was a lawful seizure pursuant to the September 29, 2010 search warrant. Further, Defendants are entitled to qualified immunity.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches[.]" U.S. Const. amend. IV. State actors have qualified immunity from suit "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). As Judge Lynch notes, the well established rule for qualified immunity in Fourth Amendment claims is when a search or seizure is conducted pursuant to a search warrant, "the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner[.]" *Messerschmidt v. Millender*, 132 S. Ct. 1235, 1245 (2012) (quoting *U.S. v. Leon*, 468 U.S. 897, 922-923 (1984)). The exception to qualified

immunity is when probable cause is so lacking that belief in its existence would be unreasonable and no reasonably competent officer would find that a warrant should issue. *Id.* (citations omitted).

The September 29, 2010 warrant authorized officers to seize "information contained" and "information stored" in Leonard's computer. (Doc. 52-6 at 2.) The evidence in the record shows that the Lake County Sheriff's Office did not have the software required to view the data at the time of the alleged violation. Plaintiffs failed to provide any evidence that officers viewed the information prior to the second search warrant or that probable cause for either warrant was lacking. Therefore, Judge Lynch did not err in finding Defendants did not violate Leonard's Fourth Amendment rights and are entitled to qualified immunity.

Plaintiffs also object to Judge Lynch's findings that Defendants did not retaliate against Leonard or the other plaintiffs in violation of their First Amendment rights. Plaintiff Leonard failed to show that removing a personal computer would chill an ordinary person's desire to voice an opinion. The remaining Plaintiffs failed to show they were acting as private citizens when they reported Defendants' alleged unlawful activities.

The First Amendment prohibits retaliation by state actors against individuals for engaging in constitutionally protected activities. *Blair v. Bethel*

3

*Sch. Dist.*, 608 F.3d 540, 543 (9th Cir. 2010). Importantly, Leonard must prove that he was "subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity[.]" *Id.* (citing *Pinard v. Clatskanie Sch. Dist. 6J*, 467 F.3d 755, 770 (9th Cir. 2006)). Leonard presents no evidence, other than conclusory statements, that removing a personal computer would chill an ordinary person from continuing to express opinions regarding an election campaign. In fact, Leonard was able to continue voicing his opposition to Doyle's candidacy through means other than his personal computer, such as running newspaper ads. Judge Lynch did not err in finding Leonard did not prove this essential element to his retaliation claim.

To prevail on a First Amendment retaliation claim the remaining Plaintiffs have the burden to show they spoke as private citizens. *Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009). To determine whether Plaintiffs spoke as private citizens or as public employees the Court must consider whether they expressed opinions pursuant to their duties as public employees. *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006). Plaintiffs allege their reports of Defendants' alleged unlawful activities were done in compliance with their "duties as Peace Officers to report crimes[.]" (Complaint, doc. 1 at 4.)

To the extent Plaintiffs present any evidence that they acted as private

citizens, they do so for the first time in their objections to Judge Lynch's Findings and Recommendations. "A district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation," but it "must actually exercise its discretion rather than summarily accepting or denying the motion." *U.S. v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000). A district court is well within its discretion in barring arguments raised for the first time on objections to a magistrate's findings and recommendations absent exceptional circumstances. *Greenhow v. Secretary of Health & Human Services*, 863 F. 2d 633, 638-639 (9th Cir. 1988). Plaintiffs provide neither a reason for failing to previously raise this issue nor exceptional circumstances. Plaintiffs have failed to meet their burden. Having reviewed and found no clear error in Judge Lynch's remaining findings and recommendations, IT IS HEREBY ORDERED:

1. Judge Lynch's Findings and Recommendations (doc. 62) are ADOPTED in full.

2. Plaintiffs' Complaint (doc. 1) is DISMISSED.

3. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

Dated this 11th day of September, 2013.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court